UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JASMINE CONNELLY, | ) |
| Plaintiff, | ) ) ) Case No. |
| v. | ) ) NOTICE OF REMOVAL |
| EXACTECH, INC. and EXACTECH U.S., INC., | ) ) ) |
| Defendants. | ) ) |

Defendants Exactech, Inc. and Exactech U.S., Inc. (collectively, "Exactech") remove the state court action captioned *Jasmine Connelly v. Exactech, Inc., et al.*, Case No. CV-14134, from the Circuit Court of Bedford County, Tennessee (the "Action") to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, and 1446.[1] In support of this Notice of Removal, Exactech states:

### I. PLEADINGS

1. This is a personal injury action in which Plaintiff Jasmine Connelly alleges personal injury based on the implantation of an Exactech Truliant Knee System (the "Exactech Knee") in her left knee. *E.g.*, Compl., ¶¶ 1, 7, 67 (attached with summons as **Exhibit A**). Plaintiff claims that she experienced "significant pain, swelling, and popping in her left knee" following her implantation with the Exactech Knee, *id.* at ¶ 68, which allegedly resulted in Plaintiff undergoing a revision surgery to remove the Exactech Knee, *id.* at ¶¶ 3, 73; *see also* Compl., ¶ 71 ("[Plaintiff's] knee made popping sounds and it caused Plaintiff to suffer severe pain and bruises all over her left knee and leg . . . [which allegedly caused] pain . . . so intense that it interfered with [her] ability to walk or sleep."). Plaintiff asserts that she has "suffered and

---

[1] By filing this Notice of Removal, Exactech does not waive any jurisdictional or other defenses it might have regarding Plaintiff's claims.

-1-

US.358799771.03

Case 4:23-cv-00030-TAV-CHS   Document 1   Filed 08/17/23   Page 1 of 7   PageID #: 1

continues to suffer permanent and debilitating injuries and damages, including . . . significant pain and discomfort, swelling and popping of the knee." *Id.* at ¶ 76. She further claims that she "has sustained and will sustain future damages, including . . . the cost of medical care; rehabilitation; home health care; loss of earning capacity; mental and emotional distress; and pain and suffering." *Id.* at ¶ 77.

2. Plaintiff alleges products liability, negligent misrepresentation, and breach of claims against Exactech. *See generally id.*

3. Exactech was served by certified mail on its registered agent on July 24, 2023. A true and correct copy of the summons is attached as **Exhibit A**.

4. Exactech has not yet answered or otherwise responded to the Complaint.

## REMOVAL IS PROPER IN THIS CASE

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely; (ii) there is complete diversity of citizenship between Plaintiff and Exactech under 28 U.S.C. § 1332(c)(1); (iii) the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied; and (iv) this Court is the proper venue.

### A. Removal Is Timely.

6. Removal is timely because Exactech has removed the Action within thirty days of being served with the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6; *see also Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day period for removal does not begin until service is perfected). As noted above, Exactech was served on July 24, 2023. *See supra* at ¶ 3.

**B. The Diversity of Citizenship Requirement is Satisfied.**

7. The diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied in this case because there is complete diversity of citizenship between Plaintiff and Exactech.

8. Plaintiff is a "resident and citizen of Bedford County, Tennessee." Compl., ¶ 11. Thus, Plaintiff is a citizen of Tennessee for purposes of determining diversity. *See* 28 U.S.C. § 1332(a).

9. Defendant Exactech, Inc. is a corporation existing under the laws of the State of Florida, with its principal place of business in Gainesville, Florida. Compl., ¶ 12. Thus, Exactech, Inc. is a citizen of Florida for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10. Defendant Exactech U.S., Inc. is a corporation existing under the laws of the State of Florida, with its principal place of business in Gainesville, Florida. Compl., ¶ 16. Thus, Exactech U.S., Inc. is a citizen of Florida for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

**C. The Amount in Controversy Requirement Is Satisfied.**

11. As to damages, Plaintiff's Complaint seeks "damages in such amounts as may be proven at trial" but does not allege a specific amount in controversy. *See* Compl., ¶ 247.

12. A case may be removed to federal court if "the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified" in the diversity jurisdiction statute. *Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting 28 U.S. 1446(c)). When the amount in controversy is not directly stated in the complaint, the amount-in-controversy requirement is met "if a 'fair reading' of the complaint shows that more than $75,000 is in controversy." *Cole v. Medtronic*, 2015 WL 1638439, at *2 (W.D. Ky. Apr. 13, 2015) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th

Cir. 2001)). This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572 (citation omitted).

13. District courts in this Circuit have found that the amount-in-controversy requirement is met in cases alleging severe and permanent physical injuries. *See, e.g., Griffith v. Aleman*, 2016 WL 2869794, at *3 (W.D. Tenn. May 17, 2016) ("Given the serious nature of the injuries and the alleged damages, it appears to the Court that the amount in controversy more likely than not exceeded $75,000 at the time of removal."); *Cole*, 2015 WL 1638439, at *3 (concluding it was "more likely than not that the amount in controversy exceed[ed] $75,000," where the alleged injuries were "by nature serious, complex, and expensive to treat"); *Milter v. Wright Med. Grp., Inc.*, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (finding that the plaintiff's "severe" injury allegations were sufficient to meet the amount-in-controversy requirement).

14. Additionally, verdicts exceeding $75,000 have been rendered in cases involving injuries premised on revision surgeries of knee and other joint replacement devices. *See, e.g., Vivio v. Dyer M.D.*, 2017 WL 5624519 (Tenn. Cir. Ct. Aug. 28, 2017) (awarding $343,097 for alleged injuries relating to the bilateral implantation of hip replacement systems); *Mulligan v. Howmedica*, 1994 WL 730106 (S.D. Ohio Apr. 1, 1994) (awarding $216,000 for alleged injuries relating to a knee replacement implant system).

15. Here, a "fair reading" of Plaintiff's Complaint demonstrates the amount in controversy exceeds the amount-in-controversy requirement. Plaintiff alleges that she has "suffered and continues to suffer permanent and debilitating injuries and damages, including . . .

significant pain and discomfort, swelling and popping of the knee." Compl., ¶ 76. She further claims that she "has sustained and will sustain future damages, including . . . the cost of medical care; rehabilitation; home health care; loss of earning capacity; mental and emotional distress; and pain and suffering." *Id.* at ¶ 77. Such allegations are sufficient to meet the amount-in-controversy requirement.[2] *See, e.g., Cole*, 2015 WL 1638439, at *3 (concluding it was "more likely than not that the amount in controversy exceed[ed] $75,000," where the alleged injuries were "by nature serious, complex, and expensive to treat").

16. Therefore, based on the allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**D.   Venue and Other Requirements Are Satisfied.**

17. The United States District Court for the Eastern District of Tennessee includes Bedford County, the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446(d), Exactech is filing a written notice of this removal (attached as **Exhibit B**) with the Clerk of the Circuit Court for Bedford County, Tennessee. This Notice of Removal and the Notice of Filing of Notice of Removal are being served upon Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

19. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, orders, and process forms issued in this case are attached as **Exhibit A**.

---

[2] Plaintiff also seeks "[p]unitive and/or exemplary damages in such amounts as may be proven at trial[.]" Compl., ¶ 247(iv). Although Exactech denies that the imposition of such damages is proper in the case, "a punitive damages claim is included in assessing the amount in controversy." *USA Truck, Inc. v. Freightliner of Knoxville, Inc.*, 2006 WL 2087727, at *4 (E.D. Tenn. July 25, 2006) (concluding that the plaintiff's claim for punitive damages should be included in the amount-in-controversy assessment and that it was "sufficiently proven" that the amount-in-controversy requirement had been met).

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a) and removal is appropriate under 28 U.S.C. § 1441(a).

Dated: August 17, 2023

Respectfully submitted,

By: */s/ Dona Trnovska*
Dona Trnovska, Bar No. 037396
Faegre Drinker Biddle & Reath LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 842-8800
dona.trnovska@faegredrinker.com

***Counsel for Exactech, Inc. and Exactech U.S., Inc.***

# CERTIFICATE OF SERVICE

I certify that on August 17, 2023, I filed the foregoing **NOTICE OF REMOVAL** via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record. I also served a copy of the foregoing via regular U.S. Mail upon:

> Fob H. James, IV
> Fob James Law Firm, LLC
> 2226 1st Ave. S., Ste. 105
> Birmingham, AL 35233
> Tel: (205) 407-6009
> Fax: (205) 449-1122
> Email: Fob@FobJamesLaw.com
>
> James Z. Foster
> Foster Law LLC
> 1201 W. Peachtree St., NW, Ste. 2300
> Atlanta, GA 30309
> Tel: (404) 800-0050
> Fax: (404) 493-2322
> Email: James@Foster-Law.com
>
> *Attorneys for Plaintiff*

                       */s/ Dona Trnovska*

- 7 -

Case 4:23-cv-00030-TAV-CHS   Document 1   Filed 08/17/23   Page 7 of 7   PageID #: 7